■ DAWN WADE, Respondent, v DENNIS PORRECA, Appellant. — Appeal from a judgment of the Supreme Court in favor of plaintiff, entered September 23, 1982 in Columbia County, upon a decision of the court at Trial Term (Fromer, J.), without a jury. In the fall of 1978, plaintiff and defendant, who had been dating for several years, moved into an apartment together. The apartment was owned by defendant's mother and she agreed not to collect rent until plaintiff and defendant could afford it. While living together, the parties contemplated marriage and made some sort of agreement to pool resources and share expenses. A joint checking account was opened in both of the parties' names. A savings account was opened in defendant's name. Although both parties apparently made deposits in each account, it appears that plaintiff was the primary contributor to the checking account and defendant contributed most of the deposits to the savings account. In October of 1979, defendant withdrew over $5,000 from the savings account and deposited it into the joint checking account. Soon thereafter, a check for approximately $5,000 was drawn on the joint checking account for the purchase of a new car. In August of 1980, the parties terminated their relationship and plaintiff moved out of the apartment. At that time, there was approximately $5,800 in the savings account. Defendant withdrew $5,000 from that account and paid it to his mother, allegedly for back rent and to repay a loan of $800 she made to him to repair the car. Claiming that she was entitled to one half the value of the car and the balance of the savings account prior to the $5,000 withdrawal, plaintiff commenced this action. Defendant counterclaimed for plaintiff's share of the money he paid to his mother. After a nonjury trial, Trial Term held that plaintiff was entitled to one half the value of the car and one half the balance of the savings account prior to the $5,000 withdrawal. Trial Term also dismissed the counterclaim. Judgment was entered accordingly and defendant appeals therefrom. Defendant argues that there is no proof that the parties contracted to share assets and earnings as well as expenses. While a contract as to earnings and assets may not be implied in fact from the relationship of an unmarried couple living together, an express contract of such a couple on those subjects is enforceable (*Morone v Morone*, 50 NY2d 481). Defendant contends that while the parties did agree to share expenses, as evidenced by the creation of a joint checking account, there was no agreement to share earnings or assets, as evidenced by the fact that the savings account was opened in

defendant's name only. Initially, this argument appears to have merit. It is logical that an unmarried couple would agree to share expenses and, to that effect, would create a joint checking account to which each would contribute in order to pay such expenses. It is equally logical that one or both parties would also have a separate account to save individual earnings which were not to be shared. However, each case must be examined on its own facts. Because of the intimate and trusting nature of the parties' relationship, they felt no need to make precise records of their financial transactions while they lived together. However, it is apparent from the record that plaintiff was the primary contributor to the joint checking account, while the savings account was made up of deposits by defendant. It is incongruous that a couple would agree to a plan to share expenses whereby one party would pay the expenses with her earnings while the other party would save his earnings for his own benefit. Thus, it is obvious that the parties agreed to share, not only expenses, but also earnings. This conclusion is supported by the fact that, after the termination of the parties' relationship, defendant paid the entire amount of back rent which he alleges the parties jointly owed to his mother with funds from the savings account, and then offered plaintiff one half of the remainder of that account. We conclude that Trial Term properly held that the parties contracted to share the savings account as well as the checking account. The value of the savings account to which plaintiff is entitled is a more troublesome matter. Defendant argues that the payment of back rent was a legitimate expense, one half of which plaintiff was obligated to pay. In our view, the fact that plaintiff did not consent to the payment of back rent is not controlling. The evidence indicates that the parties, particularly plaintiff, paid many expenses without seeking the other's consent. However, we agree with Trial Term that the payment for back rent was not a proper expense of the parties. Defendant contends that the payment of $4,200 represented payment for 21 months of rent at $200 per month. He and his mother testified that the rent was $200 per month, but was not collected because the parties did not have sufficient funds, and that rent would not be expected until the parties could afford it. Plaintiff denied any such agreement. Even if defendant's evidence is credited, an agreement to commence paying $200 per month rent when the parties could afford it does not necessarily carry with it a requirement that back rent be paid. Moreover, the fact that the lessor was defendant's mother raises the possibility that the payment was not an arm's length transaction. We reach a different conclusion regarding the $800 defendant gave his mother to repay a previous loan to repair a car. Both defendant and his mother testified that she had loaned him $800 to repair a car which he had owned. Plaintiff offered no evidence to refute this contention. It is also apparent from plaintiff's testimony that the parties shared not only joint expenses, but individual expenses. Indeed, since the joint checking account and the savings account were the only sources of funds available to the parties, both individual and joint expenses would necessarily have to come out of one of these accounts. Since undisputed testimony indicates that defendant gave $800 to his mother to repay the loan and since there is no evidence that such payment was inappropriate, that amount was properly withdrawn from the savings account. As far as the car purchased in 1979 is concerned, the record reveals that the title and registration were in plaintiff's name for insurance purposes. It also appears that defendant was the primary driver of the car. Trial Term's conclusion that plaintiff had a one-half interest in the car is supported by the facts that both parties benefited from the purchase and it was paid for with funds from the savings account which were found to have been shared. Thus, plaintiff is entitled to one half the value of the car at the time of the termination of the parties' relationship. Lastly, we note that plaintiff's own testimony indicates that the joint checking account

had a balance of $50 when the parties' relationship terminated and that plaintiff kept this amount. In calculating plaintiff's damages, $25 should be set off against the amount due plaintiff. Judgment modified, on the law and the facts, without costs, by reducing the damage award before interest and costs and disbursements to $4,640.38, and, as so modified, affirmed. Mahoney, P. J., Casey, Mikoll, Levine and Harvey, JJ., concur.